## SUPERIOR COURT

### No. 540
### GREENE v. LOUISVILLE & N. RY.
Cincinnati Superior Court
No. 58902.   March 14, 1924

**39. DEATH—Since no action for death by wrongful act exists at common law, objection to proof of law of sister state is without merit—New trial granted for failure to instruct jury on damages allowed in law of state where death occurred.**

**481. EVIDENCE—Pleadings may be amended after trial to aver law of sister state when proof of law is offered on hearing motion.**

MARX, J.

Epitomized Opinion

Action for damages for wrongful death wherein Dora B. Green, Admrx., was plaintiff and the Louisville & Nashville R. R. Co. was defendant. Verdict was rendered by the jury for plaintiff for $20,000. After the return of the verdict the following motions were made: 1. Motion by plaintiff for leave to amend her petition by setting forth the law of the state of Kentucky with respect to actions for wrongful death; 2. Motion by defendant for judgment in its favor on the pleadings and notwithstanding the verdict; 3. Motion by plaintiff for a new trial.

Plaintiff had omitted to plead or to prove at the trial the Kentucky law allowing actions for wrongful death. At the hearing on the motion to amend plaintiff furnished evidence of said Kentucky law. Defendant contended that plaintiff's motion should be overruled because the proposed amendment would allow plaintiff to change her cause of action from a common law action for wrongful death to a statutory action. Held:

1. There is no merit in defendant's contention for there is no common law action for wrongful death. This court cannot take judicial notice of the law of Kentucky, hence it was necessary for the plaintiff to allege and prove that law. By 11663 GC. the court is authorized to amend the pleading as requested by plaintiff's motion. The proposed amendment is now supported by the evidence which is in the record. Plaintiff's motion to amend is granted.

2. Since there is no objection to the petition except the omission of a reference to the law of Kentucky and since the omission will be cured by the amendment, defendant's motion for judgment on the pleadings must be overruled.

3. In the charge to the jury the court stated that the measure of damages was the pecuniary injury to the widow and child of the deceased. By the law of Kentucky, the dam-

ages are such seem as will compensate the estate of the deceased for the destruction of his power to earn money. Plaintiff argues that if the Kentucky rule of damages has been given to the jury, a larger verdict would have been returned. Since the court feels· that its charge may have operated to the prejudice of plaintiff, the motion for a new trial will be granted.

Attorneys—Nichols, Merrill, Stewart & Ginter, Cincinnati, for Greene; Warfield & Simmonds and Woodward, Warfield & Dawson, for Ry. Co.